Loly G. Tor
**K&L GATES LLP**
One Newark Center, 10th Fl.
Newark, New Jersey 07102
Tel: (973) 848-4000
Fax: (973) 848-4001
loly.tor@klgates.com
*Attorneys for Defendant Orbicular Pharmaceutical Technologies Pvt. Ltd.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIFOR (INTERNATIONAL) AG and AMERICAN REGENT, INC., <br><br> *Plaintiffs/Counterclaim Defendants*, <br><br> v. <br><br> ORBICULAR PHARMACEUTICAL TECHNOLOGIES PVT. LTD., <br><br> *Defendant/Counterclaim Plaintiff*. | Case No. 3:25-cv-15336-GC-JBD <br><br> Hon. Georgette Castner, U.S.D.J. <br> Hon. J. Brendan Day, U.S.M.J. <br><br> **JOINT PROPOSED DISCOVERY PLAN** |

1.  **Set forth the name the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

    For Vifor (International) AG ("Vifor") and American Regent, Inc. ("American Regent")

(collectively, the "Plaintiffs"):

| | |
|---|---|
| Cynthia S. Betz <br> Mark M. Makhail <br> **McCarter & English, LLP** <br> Four Gateway Center <br> 100 Mulberry Street <br> 4 Gateway Center <br> Newark, NJ 07102 <br> 973-622-4444 | Jane M. Love, Ph.D. (*pro hac vice*) <br> Robert Trenchard (*pro hac vice*) <br> Michael F. Werno (*pro hac vice*) <br> Pia Singh (*pro hac vice*) <br> **Gibson, Dunn & Crutcher, LLP** <br> 200 Park Avenue <br> New York, NY 10166-0193 <br> 212-351-4000 |

For Orbicular Pharmaceutical Technologies Pvt. Ltd. ("Orbicular"):

Loly G. Tor
**K&L GATES LLP**
One Newark Center, 10th Fl.
Newark, New Jersey 07102
Tel: (973) 848-4000
Fax: (973) 848-4001
loly.tor@klgates.com

Jeffrey R. Gargano (*pro hac vice* forthcoming)
A. Rebekah Hill (*pro hac vice* forthcoming)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
(312) 372-1121

Adam S. Berlin (*pro hac vice* forthcoming)
**K&L GATES LLP**
609 Main St., Suite 4150
Houston, TX 77002
(713) 815-7373

*Attorneys for Defendant Orbicular*
*Pharmaceutical Technologies Pvt. Ltd.*

**2.    Set forth a brief description of the case, including the causes of action and defenses asserted.**

This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, et seq., filed by Plaintiffs in response to Defendant's filing of Abbreviated New Drug Application ("ANDA") No. 212136 ("Orbicular's ANDA") with the United States Food and Drug Administration ("FDA"). Orbicular's ANDA seeks approval to market a generic version of Plaintiffs' Injectafer®, ferric carboxymaltose injection (750 mg Iron/15 mL) ("Orbicular's ANDA Product") prior to the expiration of United States Patent Nos. 7,612,109 ("the '109 patent"); 7,754,702 ("the '702 patent"); 8,895,612 ("the '612 patent"); 11,433,091 ("the '091 patent"); and 11,478,502 ("the '502 patent") (collectively "the Patents-In-Suit").  The '109, '702, '612, '091,

and '502 patents are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") for Injectafer®.

This litigation commenced on May 2, 2025 in the District Court for the District of Delaware. The complaint was filed within 45 days of Plaintiffs' receipt of a notice letter, dated March 20, 2025 ("Notice Letter"), in which Defendant stated that it sought to market Orbicular's ANDA Product before the expiration of the Patents-in-Suit. A second related litigation between the parties pending in this Judicial District (25-cv-16735) commenced on August 21, 2025, which is within 45 days of Plaintiffs' receipt of a second notice letter, dated July 10, 2025, in which Defendant stated that it sought to market Orbicular's ANDA Products before the expiration of an additional Orange Book-listed patent covering Injectafer®, U.S. Patent No. 11,364,260 ("the '260 patent"). In both litigations, Plaintiffs assert that the filing of Orbicular's ANDA constitutes infringement of one or more claims of the Patents-in-Suit, as would Defendant's commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Orbicular's ANDA Product in the United States. In both litigations, Defendant denies infringement and alleges that the asserted patents are invalid.

**3.   Have settlement discussions taken place yet?**

Yes, settlement discussions are ongoing.

**4.   The parties have not met pursuant to Fed. R. Civ. P. 26(f).**

The parties have not yet held their meeting required by Fed. R. Civ. P. 26(f) but will do so according to the schedule set forth in Exhibit A.

**5.   The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1) for the reasons stated below.**

The parties have agreed to submit this Joint Discovery Plan, including a proposed schedule. The deadline for the exchange of information required by Fed. R. Civ. P. 26(a)(1) is set forth in the proposed schedule attached as Exhibit A.

**6.   Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).**

The parties have not currently identified any problems with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

**7.   The parties have not filed disclosures of third-party litigation funding.** *See* **Local Civil Rule 7.1.1.**

The parties are not required to submit such disclosures as neither party has secured any third-party litigation funding.

**8.   The parties have not conducted discovery other than the above disclosures.**

The parties propose to conduct discovery in accordance with the proposed schedule attached as Exhibit A.

**9.   Proposed joint discovery plan:**

   **(a)   Discovery is needed on the following subjects:**

The parties anticipate the scope of discovery to be commensurate with the discovery in patent and Hatch-Waxman cases contemplated by the Local Patent Rules, which include discovery related to infringement and validity issues concerning the Patents-in-Suit, as defined in part (but not limited to) the following:

   i.   **Defendant's production of Orbicular's ANDA** (L. Pat. R. 3.6(a)).

   ii.  **Plaintiffs' Disclosure of Asserted Claims** (L. Pat. R. 3.6(b)).

   iii. **Defendant's Invalidity Contentions** (L. Pat. R. 3.3 & 3.6(c)) and associated document production (L. Pat. R. 3.4(b)-(c)), including (a) a

4

copy or sample of each piece of prior art that does not appear in the file history of the Patents-at-Issue, including an English translation of the portion(s) relied upon to the extent any such item is not in English; and (b) any other document or thing on which Defendant intends to rely in support of their assertions.

iv. **Defendant's Non-Infringement Contentions** (L. Pat. R. 3.6(e)) and associated document production (L. Pat. R. 3.6(f)), including any document or thing Defendant intends to rely on in defense against any infringement contentions by Plaintiffs.

v. **Plaintiffs' Infringement Contentions** (L. Pat. R. 3.1 & 3.6(g)) and associated document production (L. Pat. R. 3.2 and 3.6(h)), including (a) documents sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the Patents-in-Suit; (b) all documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the Patent-in-Suit or the priority date identified; (c) a copy of the file history for each Patent-in-Suit; (d) all documents evidencing ownership of the patent rights by Plaintiffs; and (e) all documents or things that Plaintiffs intend to rely on in support of any of its infringement contentions.

ME1\59177673.v1

    vi. **Plaintiffs' Responses to Invalidity Contentions** and associated document production (L. Pat. R. 3.4A & 3.6(i)), including any document or thing that the Plaintiffs intend to rely on in support of its Responses.

10. **Discovery should be conducted in phases or be limited to particular issues. Explain:**

As set forth in (a) above, the parties agree to follow the staged discovery process set forth in the Local Patent Rules pertaining to Hatch-Waxman actions.

11. **Proposed schedule & discovery limitations**

The parties have set forth their proposed schedule as Exhibit A hereto.

The parties further agree to the following limitations on discovery:

1) Maximum of **25 Interrogatories** per side.
2) Maximum of **10 depositions** to be taken per side, not including depositions of expert witnesses.

12. **Set forth any special discovery mechanism or procedure requested.**

Due to the nature of this action, the parties will need to seek and produce confidential technical and business documents. Because the disclosure of such documents would pose a substantial risk of irreparable harm to the parties' proprietary interests, the parties expect to submit a mutually agreed-upon Discovery Confidentiality Order pursuant to L. Pat. R. 2.2 in accordance with the schedule set forth in Exhibit A. Pending entry of such Discovery Confidentiality Order, discovery and discloses deemed confidential by a party shall be produced to the adverse party on an "Outside Counsel Eyes Only" basis.

The parties do not anticipate any other special discovery needs at this time.

13. **A pretrial conference may take place on:**

The parties submit that the pretrial conference should take place at least 30 days before the trial date. The Defendant proposes a trial date in March 2027 and a final pretrial conference date on or about February 8, 2027, subject to the Court's availability. The Plaintiffs propose a trial date in April 2027 and a final pretrial conference date on or about March 8, 2027, subject to the Court's availability and convenience.

14.    **Trial date (non-jury)**

As noted in (e) above, the parties propose a trial date in either March or April 2027, subject to the Court's availability and convenience. The trial shall proceed as a non-jury trial.

15.    **Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?**

Orbicular Pharmaceutical Technologies Pvt. Ltd. is a company organized and existing under the laws of India with its principal place of business at P. No. 53, ALEAP Industrial Estate, Behind Pragati Nagar Kukatpally, Hyderabad, 500 090 Telangana, India. Orbicular has no place of business in the United States. Many, if not all, Orbicular documents and witnesses are located out of the state and likely in India. As a result, it is possible that depositions of Orbicular employees will need to take place in India. Notwithstanding, the parties agree to work together to resolve any special discovery needs, including conducting depositions remotely via videoconference or resolving issues related to privacy or regulatory restrictions on documents containing personal identifying and/or patient medical information.

16.    **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

The parties do not currently anticipate any issues regarding disclosure and discovery of electronically stored information.

17.    **If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.**

The parties resolve to come to agreement as to search terms, custodians, and date ranges in connection with the discovery of electronically stored information. The parties agree to produce electronically stored information as text searchable image files comprising single page TIFF images and associated multipage text files containing extracted text or OCR with load files containing all requisite information, including metadata. Files not easily converted to image format, such as Excel files, may be produced in native format. The parties agree to provide metadata for all ESI, including Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

**18. Do you anticipate entry of a Discovery Confidentiality Order?** *See* **L. Civ. R. 5.3(b) and Appendix S.**

The parties anticipate that a Discovery Confidentiality Order will govern this case. The parties expect to submit a mutually agreed-upon Discovery Confidentiality Order pursuant to L. Pat. R. 2.2 in accordance with the schedule set forth in Exhibit A.

**19. Do you anticipate any discovery problem(s) not listed above? Describe.**

The parties have proposed a schedule similar to the scheduled entered and amended in the related case, *American Regent, Inc. v. MSN Laboratories Private Limited and MSN Pharmaceuticals Inc.*, Civil Action No. 24-cv-10674-GC-JBD (the "*MSN* Action"), currently pending before this Court. The proposed dates are similar to the current deadlines set forth in the *MSN Action*. Additionally, the parties have agreed to forgo claim construction and adopt any claim construction rulings previously decided by this Court or agreed to by prior parties regarding the

Patents-In-Suit. This will allow the Court to avoid duplicative claim construction exercises and allow this case to catch up and avoid any disruption to the *MSN Action*.

Orbicular intends to move the Court to consolidate this case with the *MSN Action*. In addition to Orbicular seeking to consolidate this case with the *MSN* Action, Orbicular also intends to seek consolidation of this case with the related case, Vifor (International) AG ("Vifor") and American Regent, Inc. v. Orbicular *Pharmaceutical Technologies Pvt. Ltd.*, Civil Action No. 3-25-cv-16735-GC-JBD ("*Orbicular II*"), also currently pending before this Court.

The parties have met and conferred regarding consolidation of this case with *Orbicular II* and the *MSN Action* and Plaintiffs have indicated that they will not oppose consolidation.

**20.** **State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

While the parties will endeavor to conduct any settlement discussions directly, the parties believe it may be helpful in this case for Court-assisted mediation pursuant to Local Civil Rule 301.1 or otherwise. The proposed schedule in Exhibit A provides an April 16, 2026 deadline for the parties to engage in settlement mediation.

**21.** **Is this case appropriate for bifurcation?**

No.

**22.** **To the extent the parties are unable to reach a settlement agreement after the settlement conference proposed as part of Exhibit A, an interim status/settlement conference (with clients in attendance) should be held in March 2026.**

**23.** **We do not consent to the trial being conducted by a Magistrate Judge.**

**24.** **Identify any other issues to address at the Rule 16 Scheduling Conference.**

The parties are not presently aware of any other issues to address at the Rule 16 Scheduling Conference.

Dated: November 25, 2025

| | |
|---|---|
| By: _/s/ Mark M. Makhail_<br>Cynthia S. Betz<br>Mark M. Makhail<br>**McCarter & English, LLP**<br>Four Gateway Center<br>100 Mulberry Street<br>4 Gateway Center<br>Newark, NJ 07102<br>973-622-4444<br><br><br>Jane M. Love, Ph.D. (_pro hac vice_)<br>Robert Trenchard (_pro hac vice_)<br>Michael F. Werno (_pro hac vice_)<br>Pia Singh (_pro hac vice_)<br>**Gibson, Dunn & Crutcher, LLP**<br>200 Park Avenue<br>New York, NY 10166-0193<br>212-351-4000 | By: _/s/ Loly G. Tor_<br>Loly G. Tor<br>**K&L GATES LLP**<br>One Newark Center, 10th Fl.<br>Newark, NJ 07102<br>P: 973-848-4026<br>F: 973-848-4001<br><br>Jeffrey R. Gargano (_pro hac vice_ forthcoming)<br>A. Rebekah Hill (_pro hac vice_ forthcoming)<br>**K&L GATES LLP**<br>70 W. Madison St., Suite 3300<br>Chicago, IL 60602<br>(312) 372-1121<br>Adam S. Berlin (_pro hac vice_ forthcoming)<br>**K&L GATES LLP**<br>609 Main St., Suite 4150<br>Houston, TX 77002<br>(713) 815-7373<br><br>_Attorneys for Defendant Orbicular Pharmaceutical Technologies Pvt. Ltd._ |

**EXHIBIT A**

| Activity | Plaintiffs' Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Defendant's response or answer to Plaintiffs' Complaint | June 27, 2025 | June 27, 2025 |
| Initial Rule 16 Conference | November 12, 20225 | November 12, 2025 |
| Parties may serve initial written discovery | November 13, 2025 | November 13, 2025 |
| Parties exchange Fed. R. Civ. P. 26(a)(1) disclosures | 5 days after entry of scheduling order | 5 days after entry of scheduling order |
| Plaintiffs to serve "Disclosure of Asserted Claims" (L. Pat. R. 3-6(b)) | December 4, 2025 | December 4, 2025 |
| Parties to submit Proposed Discovery Confidentiality Order | 5 days after entry of scheduling order | 5 days after entry of scheduling order |
| Deadline by which parties shall meet pursuant to Fed. R. Civ. P. 26(f) and Civ. L. R. 26.1(b) and 26.1(d) | December 10, 2025 | December 10, 2025 |
| Defendant to serve "Invalidity Contentions" and "Noninfringement Contentions," and to produce underlying documents (L. Pat. R. 3.6(c)-(f)) | January 22, 2026 | January 22, 2026 |
| Deadline to engage in Mandatory Settlement Mediation | April 16, 2026 | April 16, 2025 |
| Plaintiffs to serve "Disclosure of Infringement Contentions" and "Responses to Invalidity Contentions," and to produce underlying documents (L. Pat. R. 3.6(g)-(i)) | March 23, 2026 | March 23, 2026 |
| Parties to exchange claim terms to be construed (L. Pat. R. 4.1) | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions |

11

ME1\59177673.v1

| | | |
|---|---|---|
| Parties to exchange "Preliminary Claim Constructions" (L. Pat. R. 4.2(a)-(b)) | N/A – The parties agree to adopt prior claim construction of this Court and any agreed to claim constructions | N/A – The parties agree to adopt prior claim construction of this Court and any agreed to claim constructions |
| Parties to exchange identification of intrinsic and extrinsic evidence opposing other party's constructions, including expert witness opinions, if any (L. Pat. R. 4.2(c)) | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions |
| Parties to file Joint Claim Construction and Prehearing Statement (L. Pat. R. 4.3) | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions |
| Completion of fact discovery relating to claim construction, including depositions of nonexpert witnesses identified prior to claim construction exchanges (L. Pat. R. 4.4) | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions |
| Parties to file Opening *Markman* Briefs (L. Pat. R. 4.5(a)) | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions |
| Completion of Expert Discovery Relating to Opening *Markman* Briefs (L. Pat. R. 4.5(b)) | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions |
| Substantial completion of document production | May 6, 2026 | May 6, 2026 |
| Parties to file Responsive *Markman* Briefs (if needed) (L. Pat. R. 4.5(c)) | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions |
| Parties to submit proposed Claim Construction Hearing schedule | N/A – The parties agree to adopt prior claim constructions of this Court | N/A – The parties agree to adopt prior claim constructions of this Court |

|  | and any agreed to claim constructions | and any agreed to claim constructions |
|---|---|---|
| *Markman* Hearing | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions | N/A – The parties agree to adopt prior claim constructions of this Court and any agreed to claim constructions |
| Deadline for motion to amend pleadings or to add parties | May 22, 2026 | March 20, 2026 |
| Close of Fact Discovery | June 30, 2026 | June 30, 2026 |
| Parties to exchange Opening Expert Reports on issues for which that party bears the burden of proof | July 31, 2026 | July 14, 2026 |
| Parties to exchange Rebuttal Expert Reports | September 17, 2026 | August 28, 2026 |
| Parties to exchange Reply Expert Reports | October 15, 2026 | September 18, 2026 |
| Close of Expert Discovery | December 4, 2026 | October 19, 2026 |
| Pretrial Order | February 8, 2027 | January 12, 2027 |
| Final Pretrial Conference | March 8, 2027 | February 8, 2027 |
| Trial | April 2027 | March 2027 |
| Expiration of Orbicular's Latest 30 Month Stay | January 11, 2028 | September 24, 2027 |

13